UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-21077-CIV-BLOOM/VALLE

**ARCH SPECIALTY INSURANCE COMPANY**,

 Plaintiff,
v.

**JOSEPH MAYA**, *d/b/a* LA BODEGUITA,
And **JORGE OQUENDO**,

 Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Summary Judgment, ECF No. [68]. The Court is fully advised after careful review of the Motion, the parties' briefs, the record, and the applicable law.[1]

### I. Background

Plaintiff filed this action on March 24, 2014, seeking declaratory relief that the claims asserted in another lawsuit between Defendants, arising from a physical assault, are subject to the Assault and Battery Coverage Form of the insurance policy between Plaintiff and Defendant Joseph Maya d/b/a La Bodeguita ("La Bodequita"). In the other lawsuit, Defendant Jorge Oquendo sued La Bodeguita for negligent hiring and retention, vicarious liability, assault and battery, and punitive damages after Defendant Jorge Oquendo, "without provocation, was physically attacked by several agents and/or servants and/or employees of [La Bodeguita], who served as security guards and/or bouncers." ECF No. [1-2] at 5.

The insurance policy between Plaintiff and Defendant provides coverage for, among other things, "Bodily Injury and Property Damage Liability." ECF No. [76] at 26. Referred to

---

[1] Defendant Joseph Maya d/b/a La Bodeguita has failed to make an appearance in this case.

as "Coverage A," the insurance agreement contains two sections, one titled "Insuring Agreement," and the other titled "Exclusions." Under the section "Insuring Agreement," the policy provides that Plaintiff "will pay those sums that the Insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. . . . . The amount we will pay for damages is limited as described in Section III – Limits of Insurance." *Id.* The policy indicates the limit of insurance for personal and advertising injury is $1,000,000. *See id.* at 7.

The policy also contains a number of endorsements, one of which is titled "Assault and Battery Coverage" (the "Endorsement"). *Id.* at 34. The Endorsement provides a $100,000 limit for "all . . . damages because of 'bodily injury' or 'property damage' and medical expenses attendant thereto, arising out of 'assault and/or battery' as the result of all occurrences'; and/or damages because of all 'personal injury' arising out of 'assault and/or battery' sustained during the policy period." *Id.* The endorsement also defines "assault and/or battery" as:

1. any actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, his "employees", patrons or any other person;

2. the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or

3. the negligent: a. employment; b. investigation; c. supervision; d. training; or e. retention of a person for whom any insured is or ever was legally responsible and whose conduct is described by 1. or 2. above.

*Id.* at 35.

**II.    Legal Standard**

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including inter

Case 1:14-cv-21077-BB Document 78 Entered on FLSD Docket 05/04/2015 Page 3 of 7

CASE NO. 14-21077-CIV-BLOOM/VALLE

alia, depositions, documents, affidavits, or declarations. Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (*quoting Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the

basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

### III. Discussion

#### a. The inclusion of the policy in the record

Defendant Jorge Oquendo's response focuses on Plaintiff's failure to properly authenticate the insurance policy at issue in this case in its motion for summary judgment. *See* ECF No. [72] at 7 (citing Fed. R. Civ. P. 56(c)(4) and cases). Defendant Jorge Oquendo explains that "it is unknown whether Plaintiff's declarations page is incorrect or the versions of Plaintiff's insurance policies supplied by Plaintiff in this case are incorrect," *id.* at 8, and thus, Plaintiff has failed to meet its burden. Because Plaintiff has since corrected this authentication issue, *see* ECF No. [76], the Court declines to deny Plaintiff's motion on this basis and proceeds to the merits—which Defendant Jorge Oquendo's response does not address.

#### b. The Assault & Battery endorsement

Subject matter jurisdiction in this case is based on diversity of citizenship, 28 U.S.C. § 1332, and Florida law, accordingly, governs. *See State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). "In insurance coverage cases under Florida law, courts look at the insurance policy as a whole and give every provision its full meaning and operative effect." *Id.* (internal quotation marks omitted). Under Florida law, courts examine insurance policies by starting with "the plain language of the policy, as bargained for by the parties." *Id.* (citing *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000)). "[P]rinciples governing the construction of insurance contracts dictate that when construing an insurance policy to determine coverage the pertinent provisions should be read *in pari materia*." *U.S. Fire Ins. Co. v. J.S.U.B.,*

*Inc.*, 979 So. 2d 871, 877 (Fla. 2007). Unambiguous policy language controls, but if the language is "susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage, the insurance policy is considered 'ambiguous," and must be 'interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy.'" *Id.* The insurer bears the burden of proving that a provision of a policy limits coverage. *See U.S. Concrete Pipe Co. v. Bould*, 437 So. 2d 1061, 1065 (Fla. 1983).

Florida law recognizes that the term "arising out of" is unambiguous and should be interpreted broadly. *See Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 539 (Fla. 2005). "The term 'arising out of' is broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with.'" *Id.* (citations omitted). "This requires more than a mere coincidence between the conduct . . . and the injury. It requires 'some causal connection, or relationship.' But it does not require proximate cause." *Id.* at 539-40 (citations omitted).

Here, Defendant Jorge Oquendo's lawsuit against La Bodeguita sound in assault, battery, and negligence, which occurred as a result of a physical attack by "security guards and/or bouncers" of La Bodequita. *See* ECF No. [1-2] at 5. The claims for assault and battery clearly fall within the purview of the policy's Endorsement.

The negligence claims do as well. *See Century Sur. Co. v. Seductions, LLC*, 609 F. Supp. 2d 1273, 1277-78 (S.D. Fla. 2009). The court in *Seductions* was presented with cross-motions for summary judgment in a case brought by an insurer for declaratory relief regarding an underlying negligence action between a nightclub and a patron who was allegedly attacked and beaten by the nightclub's security personnel. The insurance company sought to apply an endorsement which limited coverage under the policy to $25,000 for any claim "arising from" an

assault and battery. Granting summary judgment as to the applicability of the policy's endorsement, the court held that "in the specific context of assault and battery exclusions, other Florida courts have addressed this issue and held that related negligence claims "arose from" the assault and battery. *Id.* at 1277 (citing *Perrine Food Retailers, Inc. v. Odyssey Re (London) Ltd.*, 721 So. 2d 402, 404 (Fla. 3d DCA 1998); *Miami Beach Ent., Inc. v. First Oak Brook Corp. Syndicate*, 682 So. 2d 161, 162 (Fla. 3d DCA 1996); *Britamco Underwriter's, Inc. v. Zuma Corp.*, 576 So. 2d 965, 965 (Fla. 5th DCA 1991)).

Here, as in *Seductions*, the policy's Endorsement applies to the underlying negligence claims because they arose out of an assault and battery. *Cf. Colony Ins. Co. v. Barnes*, 189 F. App'x 941, 943 (11th Cir. 2006) (applying Florida law, holding that assault and battery exclusion does not apply where negligence action against nightclub where other patrons of nightclub fired guns in parking lot because assault and battery requires intent, and underlying complaint did not specify whether shooter intended to threaten or hit anyone). Thus, because the Endorsement applies to all of the claims in the underlying complaint, Defendant Jorge Oquendo's claims as asserted against La Bodeguita is subject to the applicable terms and provisions of the Endorsement. A grant of summary judgment in favor of Plaintiff is warranted.

IV. **Conclusion**

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment, **ECF No. [68]**, is **GRANTED**;

2. The **CLERK** shall **CLOSE** this case.

CASE NO. 14-21077-CIV-BLOOM/VALLE

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 4th day of May, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record